UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

CORPORACION HOTELERA PALMA LLC. d/b/a
TOWNE PLACE SUITES MIAMI LAKES,
OPERADORA HOTELERA PALMA LLC., and
DRIFTWOOD HOSPITALITY MANAGEMENT, LLC
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, CORPORACION HOTELERA PALMA LLC. d/b/a TOWNE PLACE SUITES MIAMI LAKES, OPERADORA HOTELERA PALMA LLC., and (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a hotel located on or about 8079 NW 154th St., Miami, Florida 33016 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in South Florida and throughout Florida. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida. Plaintiff's frequent visits to Florida include:

  a. Coral Springs, FL on or about March 26, 2021,
  b. Pompano Beach, FL on or about March 28, 2021,
  c. West Palm Beach, FL on or about June 30, 2021,
  d. Miami Beach, FL on or about July 15, 2021,
  e. Jacksonville, FL on or about September 14, 2021,
  f. Weston, FL on or about September 16, 2021,
  g. Deerfield Beach, FL on or about September 17, 2021,
  h. Weston, FL on or about October 10, 2021,
  i. Sunrise, FL on or about October 11, 2021,
  j. Orlando, FL on or about March 5, 2022,
  k. Titusville, FL on or about July 9, 2022,
  l. Orlando, FL on or about July 21, 2022,
  m. Pompano Beach, FL on or about July 22, 2022,
  n. Boca Raton, FL on or about July 23, 2022,
  o. Stuart, FL on or about July 25, 2022,
  p. Boca Raton, FL on or about September 1, 2022,
  q. Margate, FL on or about January 5, 2023
  r. Ft. Lauderdale, FL on or about January 6, 2023,
  s. Pembroke Pines, FL on or about January 6, 2023,
  t. Coral Springs, FL on or about January 7, 2023,

    **u.**    Plantation, FL on or about January 7, 2023,

    **v.**    Weston, FL on or about January 8, 2023,

    **w.**    Melbourne, FL on or about June 12, 2023,

    **x.**    Davenport, FL on or about June 13, 2023,

    **y.**    Pompano Beach, FL on or about June 14, 2023,

    **z.**    Melbourne, FL on or about July 10, 2023,

    **aa.**    Ft. Lauderdale, FL on or about July 11, 2023,

    **bb.**    Davenport, FL on or about July 11, 2023,

    **cc.**    Pompano Beach, FL on or about July 12, 2023,

    **dd.**    Ft. Lauderdale, FL on or about September 12, 2023.

    **ee.**    Broward County, Florida on or about October 20-23, 2023,

    **ff.**    Miami Dade County, Florida on or about October 23-24, 2023.

**6.**    Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

**7.**    Defendant, CORPORACION HOTELERA PALMA LLC., is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.**    Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, CORPORACION HOTELERA PALMA LLC., is the owner and/or operator/manager of the real property located on or 8079 NW 154th St Miami, Florida 33016 (hereinafter the "Subject Premises"). This is the building where the Subject Premises are located. Further, according to the Miami-Dade Tax Collector's Office/Florida Department of Business and Professional Regulation, the Defendant, CORPORACION HOTELERA PALMA LLC., was licensed on June 1, 1999, as Hotel and occupies the Subject Premises as a hotel known as "TOWNE PLACE SUITES MIAMI LAKES".

**9.** Upon information and belief, Defendant, OPERADORA HOTELERA PALMA LLC., is the franchisee/owner of the "TOWNE PLACE SUITES MIAMI LAKES" brand located at the Subject Premises.

**10.** As the Franchisor and/or owner Defendant, OPERADORA HOTELERA PALMA LLC., is a proper Defendant before this Court. Defendant, OPERADORA HOTELERA PALMA LLC., is registered as a limited liability company which is authorized to, and does, conduct business in the State of Florida. Defendant, OPERADORA HOTELERA PALMA LLC., also operates and/or maintains, in full or in part, the website and/or information contained on the website which allows for online reservations of guestrooms at www.marriott.com/en-us/hotels/miats-towneplace-suites-miami-lakes/rooms/l/ (hereinafter the "Website") and the Website's online reservations system ("ORS").

**11.** Upon information and belief, Defendant, DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, is the manager and/or operator which was contracted and/or hired to manage the day-to-day operations of the "TOWNE PLACE SUITES MIAMI LAKES" located at the Subject Premises.

**12.** As the manager and/or operator, Defendant, DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, is a proper Defendant before this Court. Defendant, DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, is registered as a limited liability company which is authorized to, and does, conduct business in the State of Florida. Defendant, DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, also operates and/or maintains, in full or in part, the website and/or information contained on the website which allows for online reservations of guestrooms at www.marriott.com/en-us/hotels/miats-towneplace-suites-miami-lakes/rooms/l/ (hereinafter the "Website") and the Website's online reservations system ("ORS").

## FACTUAL ALLEGATIONS AND CLAIM

13. Plaintiff most recently visited the Subject Premises on or about December 19, 2023, to avail of the services and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein. After booking an "Accessible Room" that was not in fact accessible, the Plaintiff visited the Website in an attempt to review what accessibility features the rooms were supposed to have.

14. While visiting the Website, the Plaintiff reviewed a general list of accessibility features on the main page of the Website. However, that list of accessibility features was not specific to rooms. Plaintiff then visited the Website's "Rooms" page to see the description of the rooms, which had limited accessibility information and indicated that the only Accessible Rooms were the Studios and that none of the 2 Bedroom Suites were Accessible Rooms. Plaintiff then visited the Website's ORS which did not provide any further information on the Rooms and further provided no way to reserve an Accessible Room. Plaintiff then visited Booking.com to see if there was a way to reserve an Accessible Room through a third-party website—however, Booking.com did not offer any additional information necessary for Plaintiff to conveniently book an Accessible Guestroom online just as able-bodied patrons are able, and that there would be no guarantee that an Accessible Room, even if booked by phone as he had already done, would actually meet his needs.

15. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 29. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

**16.** Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

**17.** Subsequently, Plaintiff encountered additional barriers to access, or equal access, on the Defendants' Website and ORS.

**18.** Said barriers to access on the Website and ORS cause an inconvenience that does not occur when able-bodied patron use the same Website and ORS.

**19.** In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

**20.** Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

**21.** On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

reservations made by any means, including by telephone, in-person, or through a third party –

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or his accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

22. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A*.

23. Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A*. Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A*. Labeling a guestroom as "accessible" or "ADA" is not sufficient.

24.     In addition, hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not. *28 C.F.R. Part 36, Appx. A*. Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

25.     For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A*.

26.     However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features <u>that do not comply</u> with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added]. *28 C.F.R. Part 36, Appx. A*.

27. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Hotel is in a building constructed prior to the 1991 Standards.

28. The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

29. It is important to Plaintiff that any hotel at which he researches is accessible. Plaintiff frequently researches and assesses the accessible features and guestrooms of hotels online.

30. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations at the Subject Property which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, and violations on the Website and ORS, include:

### Online Reservations System
a) The on-line reservation system does not permit an individual with disabilities to reserve an accessible room absent actually calling an agent at the listed phone numbers. However, prospective guests who are able–bodied have no such extra step and are fully able to complete their room reservations and transactions on-line at the web site absent calling an agent.

### Exterior Accessible Routes
b) Failure to provide an access aisle adjacent to the passenger vehicle pull-up space in violation of 2010 ADAAG §§209.2.1 and 503.

### Accessible Public Unisex Restroom
c) Failure to provide a locking mechanism that is operable with one hand in violation of 2010 ADAAG §309.4.
d) Failure to provide toilet paper dispensers in the compliant location in violation of 2010 ADAAG §§603 and 604.7.

### Dining Area

e)  Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink in violation of 2010 ADAAG §§226 and 226.1.

**Accessible Room**

f)  Failure to provide the minimum number of rooms with mobility features in violation of 2010 ADAAG §§224, 224.2, and 806.2.

g)  Failure to provide a lowered security latch in violation of 2010 ADAAG §§308 and 309.3.

h)  Failure to provide a lowered iron in violation of 2010 ADAAG §§308 and 309.3.

i)  Failure to provide compliant grab bars in the compliant location in violation of 2010 ADAAG §§603, 604.5.1 and 604.5.2

j)  Failure to provide compliant clearance around the toilet location in violation of 2010 ADAAG §§604, 604.3, and 604.3.2.

k)  Failure to provide grab bars free of obstructions in violation of 2010 ADAAG §609.3.

l)  Failure to provide a mirror at the compliant height above the finish floor in violation of 2010 ADAAG §§603 and 603.3.

m)  Failure to provide a bathtub seat capable of secure placement in violation of 2010 ADAAG §§607, 607.3, and 610.2.

n)  Failure to provide a lowered shower spray unit in violation of 2010 ADAAG §§308, 309.3, and 607.6.

o)  Failure to provide soap dispensers at the compliant height above the finish floor in violation of 2010 ADAAG §§308, 309.3.

**Fitness Area**

p)  Failure to provide compliant maneuvering clearance to exit the fitness area in violation of 2010 ADAAG §§404, 404.2.4, and 404.2.4.1.

q)  Failure to provide a paper towel dispenser at the compliant height above the finish floor in violation of 2010 ADAAG §§308, 309.3.

r)  Failure to provide compliant clear floor space in violation of 2010 ADAAG §§236 and 1004.

**Pool Area**

s)  Failure to provide a compliant pool lift in violation of 2010 ADAAG §§242, 1009.2, 1009.2.2, and 1009.2.6.

31.  The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Subject Premises. Further, Plaintiff brings this action to remediate all violations of the ADAAG found to exist upon the Website and

ORS, to remove all false information regarding accessibility from the Website, and upon all online reservation platforms used by the Hotel.

32. Plaintiff requires an inspection of the Subject Premises in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

33. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein, and the correction and remediation of the Website and ORS, are readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

34. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

35. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required

because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

36. Because, *inter alia,* this Subject Premises was designed, constructed, and received its Certificate of Occupancy on June 1, 1999, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.  Further, Marriot International, Inc., is a worldwide company that has been sued for physical barriers as well as website violations in the past, has extensive staff at it's disposal, and still has not ensured that the Website and ORS systems for the properties it manages are ADA and ADAAG compliant.

37. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated, as well as to the Website to ensure that accurate and adequate accessibility information is provided and to ensure that the ORS system can also be used by persons with disabilities—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

38. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.  However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendant continue to operate the Subject Premises in violation of the ADA and ADAAG.

39. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendant as long as the Subject Premises, Website, and ORS remain in non-compliance with the ADA.

40. Defendant have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, Website, and ORS, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and further by failing to provide current and adequate accessibility information and to allow reservations of accessible guestrooms through its ORS, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Subject Premises, and to comply with the ADA and ADAAG by providing accurate and adequate accessibility information on it's website and allowing persons with disabilities to reserve accessible guestrooms through it's ORS, including those specifically set forth herein, and make the Subject Premises, Website, and ORS, accessible to and usable by persons with disabilities, including Plaintiff.

41. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises, Website, and ORS, and the actions or inactions described herein.

42. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Subject Premises, Website, and ORS, including those set forth herein.

43. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

44. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

| | |
|---|---|
| s/ Glenn R. Goldstein | s/ Lauren N. Wassenberg |
| Glenn R. Goldstein (FBN: 55873) | Lauren N. Wassenberg (FBN: 34083) |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| Glenn R. Goldstein & Assoc., PLLC | Lauren N. Wassenberg & Assoc., P.A. |
| 8101 Biscayne Blvd., Ste. 504 | 33 SE 4th St., Ste. 100 |
| Miami, Florida 33138 | Boca Raton, FL 33432 |
| (561) 573-2106 | (305) 804-5435 |
| GGoldstein@G2Legal.net | WassenbergL@gmail.com |