UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-22126-WILLIAMS/GOODMAN

RUDOLPH BETANCOURT,

    Plaintiff,

v.

CORPORACION HOTELERA
PALMA LLC, d/b/a TOWNE
PLACE SUITES MIAMI LAKES,
et al.

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON DEFENDANT'S[1]
RENEWED MOTION FOR LIMITED STAY OF DISCOVERY
PENDING RULING ON MOTION TO DISMISS PLAINTIFF'S FIRST
<u>AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Courts in our District typically take a "preliminary peek" at the merits of a dispositive motion when evaluating a motion to stay discovery, to see if it appears to be clearly meritorious and truly case dispositive. The Undersigned has taken that preliminary peek. I have considered the stay motion, the opposition response, the reply, the First Amended Complaint ("FAC") and the motion to dismiss the FAC. [ECF Nos. 34;

---

[1] There are multiple defendants in this action but only Defendant Driftwood Hospitality Management, LLC ("Defendant" or "Driftwood") is involved here because it filed the at-issue motion to stay discovery and motion to dismiss. [ECF Nos. 40–41].

40; 41; 43; 45].

For the reasons outlined below, the Undersigned **respectfully recommends** that United States District Judge Kathleen M. Williams **grant** Defendant Driftwood Hospitality Management LLC's motion [ECF No. 41] and temporarily stay discovery until she issues a ruling on the underlying, substantive motion to dismiss (which will follow a Report and Recommendations on that motion by the Undersigned).

Driftwood notes that Plaintiff Rudolph Betancourt ("Plaintiff" or "Betancourt") filed his FAC after Judge Williams entered an Order [ECF No. 33] affirming and adopting a Report and Recommendations [ECF No. 29] which recommended that the initial motion to dismiss be granted without prejudice and with leave to file an amended complaint. In addition, Driftwood contends that Betancourt failed to satisfy any of the Eleventh Circuit's standards for obtaining forward-looking injunctive relief in an Americans with Disabilities Act ("ADA") case. Driftwood further points out that Betancourt served it with fifty-nine requests for production, thirty requests for admission, and fourteen interrogatories with dozens of subsections.

Driftwood mounts both a factual and facial attack on standing in its motion to dismiss the FAC. [ECF No. 40]. At bottom, Driftwood contends that Plaintiff lacks the requisite standing to pursue his one-count FAC.

A temporary stay of discovery will not unduly prejudice Betancourt because the case is in its early stages. On the other hand, a temporary discovery stay would eliminate

or reduce the burdens and costs of conducting discovery before the case-dispositive motion to dismiss is resolved. At a minimum, there would undoubtedly be additional litigation over Plaintiff's efforts to obtain significant (and, according to Driftwood, excessive -- and in violation of applicable discovery rules) overbroad written discovery.

I. **UNDERLYING FACTUAL BACKGROUND**

After Plaintiff, who resides in Michigan (almost 1,500 miles away from Miami, Florida, where the property is located), filed his initial ADA Complaint, Driftwood filed a motion to dismiss [ECF No. 19], arguing that Plaintiff failed to establish his Article III standing because he failed to show that he suffered any injury in fact. It argued that Betancourt sought redress for barriers he never encountered and for injuries to third parties. Plaintiff responded and Driftwood filed a reply. [ECF Nos. 23; 25].

The Undersigned issued a Report and Recommendations ("R & R") [ECF No. 29], recommending that Judge Williams grant the motion and dismiss the Complaint, albeit without prejudice and leave to amend. I used the four-factor test adopted in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) to assess the likelihood that a plaintiff would return to the defendant's business and suffer future discrimination, and I found both the factual and facial attacks meritorious. Plaintiff did not file Objections to the R & R. Instead, he filed his FAC [ECF No. 32], and Judge Williams entered an Order affirming and adopting the R & R and giving Plaintiff leave to file an amended complaint. Betancourt then refiled his FAC [ECF No. 34], which led to Defendant's filing of the

motion to dismiss the FAC [ECF No. 40]. That motion, in turn, led to the near-immediate filing of Defendant's motion to stay discovery [ECF No. 41], pending a ruling on the motion to dismiss.

Although Betancourt has attempted to beef up his allegations in his FAC, Driftwood argues that several important facts reveal that he does not have a realistic threat of imminent harm and therefore lacks standing to obtain injunctive relief. Specifically, Defendant contends that the FAC still does not meet the four-factor *Houston* test because: (1) Plaintiff lives thousands of miles from the subject hotel; (2) not only had Plaintiff never before visited this hotel despite being an alleged frequent visitor to Florida, but, he has admitted in ¶ 9 of the FAC that he frequently visits other hotels, and other cities such that in his last 30 visits to Florida (at least the ones he disclosed) he only visited the general area of Miami (a county that is over 2,000 square miles) twice before the visit at issue; (3) Plaintiff returned to the hotel at issue, but only after Defendant filed a Motion to Dismiss, suggesting that Plaintiff returned for the sole, misguided purpose of defeating the Motion to Dismiss; and (4) Plaintiff provided no facts to suggest he frequently travels near the subject hotel and, in fact, ¶ 9 of the FAC suggests he frequently travels to other areas of Florida (all of which are quite far from the subject hotel) when he visits.

## II.   APPLICABLE LEGAL STANDARDS AND ANALYSIS

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299

4

U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

"To prevail on a motion to stay, [a] [d]efendant[] must demonstrate reasonableness and good cause." *Chevaldina v. Katz*, No. 17-22225, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017). Good cause "exists when the resolution of a preliminary motion may dispose of the entire action." *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014) (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd,* 87 F App'x 713 (11th Cir. 2003)).

Thus, in determining whether to enter a stay, "courts generally take a 'preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'" *Chevaldina*, 2017 WL 6372620, at *2 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)).

"The Eleventh Circuit recently expressed its concern regarding the burdens and

costs of conducting discovery before potentially dispositive motions are resolved." *Dry Tech 24/7, Inc. v. Clorox Co.*, No. 22-61291, 2022 WL 20834472, at *1 (S.D. Fla. Dec. 2, 2022) (granting a motion to stay discovery) (citing *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020)); *see also In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994, 2021 WL 10428229, at *3 (S.D. Fla. Oct. 9, 2021) (granting motion to stay discovery and explaining that "legal deficiencies asserted in [a] [m]otion to [d]ismiss [] support the entry of a temporary stay").

Thus, "courts within the Eleventh Circuit[] routinely find good cause to stay the discovery period where there is a pending motion to dismiss." *Tucker v. Ours*, No. 2:15-cv-97, 2015 WL 5971588, at *3 (S.D. Ga. Oct. 14, 2015) (granting motion to stay discovery and noting that a ruling on the motion to dismiss "before the commencement of discovery may save the parties time and resources"); *Berry v. Canady*, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

This is particularly true "when faced with legitimate jurisdictional [] challenges like those present in [Driftwood's] Motion to Dismiss"—"discovery should not commence until such challenges are resolved." *In re Mednax Servs.*, 2021 WL 10428229, at *3; *see also Gillier v. Servicios Agecom, LLC*, No. 17-23155, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017) (entering stay of discovery given "strong likelihood" that motion to

6

dismiss based in part on lack of jurisdiction would be granted, in which case "proceeding in this forum . . . would be improper"); *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (staying discovery given defendants' motion to dismiss for lack of jurisdiction); *Latell v. Triano*, No. 2:13-cv-565, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014) (granting discovery stay due to pending motions challenging "personal jurisdiction, standing, and the legal sufficiency of the amended complaint").

In the FAC, Plaintiff attempts to cure certain pleading deficiencies, such as alleging a plan to return to the Subject Property and purporting to establish an intent to return to the subject hotel (that he visited a single time before suing) largely because he, supposedly, intends to visit his lawyer in Miami 13 miles away from the subject hotel. But the motion to dismiss the FAC notes that Betancourt has filed dozens of lawsuits in this District (where he would supposedly need to visit his lawyer) but never before stayed at the subject hotel (other than the one instance alleged). Furthermore, Defendant points out that Plaintiff admits that he "virtually always stays in *other counties* when visiting Florida in spite of his lawyer being in Miami." [ECF No. 40, p. 2 (emphasis in original)].

According to Defendant, "Plaintiff's declaration about his supposed desire to stay in the subject hotel in the future to visit his lawyer 13 miles away (and bypass dozens of closer hotels) is belied by the reality of Plaintiff's actual travel history of visits to Florida." *Id.*

Defendant's motion to dismiss asserts other facts which, at least at this stage, seem to support the argument that Plaintiff lacks standing.[2] First, despite being a Michigan resident and allegedly having traveled to Florida only 24 times since 2022, Plaintiff has filed at least 135 ADA cases in Florida alone in that time. Second, the FAC lists dates Plaintiff has visited Florida, many of which are consecutive, as if part of single visits to Florida. *See id.* at ¶ 9. On those dates alleged, Plaintiff claims he was as far north as Brevard County (Melbourne and Titusville) and as far west as Polk County (Davenport). *Id.* Plaintiff alleges he was in "Miami-Dade County" in December 2023 and visited the Subject Property, but, had made only one visit to Miami-Dade County before then. *See id.* In fact, virtually all of Plaintiff's Florida visits appear to have been quite far from Miami-Dade County and the specific hotel at issue. *See id.* Indeed, of his South Florida visits, virtually all were in *Broward* County. *Id.*

Third, Plaintiff has visited—and sued—numerous hotels and other businesses throughout Florida in the same period he visited the Subject Property, with nearly identical allegations, including that he will "undoubtedly return" to each and every hotel and business. According to the motion to dismiss, in those cases, quite different from his new declaration in this case (where he says he wants to return to the subject hotel **to visit his lawyer** Glenn Goldstein), Betancourt asserts that his purpose for being in Florida is

---

[2] As noted, Defendant is asserting both a facial and factual attack to Plaintiff's purported standing to pursue the FAC.

related to weather, sporting events, and unidentified friends, family, and colleagues. *See* [ECF No. 40-2]. He has never previously said (that Defendant could find) that a reason he visits Florida is to visit his lawyer's office. Defendant posits that "[t]his might explain why Plaintiff almost never stayed in Miami-Dade in his tens of prior visits to Florida (and why his only other prior visit to this county was to Miami Beach: he does not visit Glenn Goldstein's office." [ECF No. 40, p. 3].

Driftwood raises other arguments in its motion to dismiss the FAC, but the ones outlined above are independently sufficient to generate grounds for a temporary discovery stay pending a ruling on the dismissal motion.

Given the possibility[3] that the Undersigned will be recommending again that this lawsuit be dismissed (as the motion appears meritorious), "we agree that Defendant[] should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law." *Chevaldina*, 2017 WL 6372629, at *3.

By way of summary, Driftwood's arguments are compelling (as indicated above, at least as to some defense arguments). As our appellate court has explained, courts should stay actions when it appears that a dispositive motion may dispose of an entire

---

[3] The Undersigned has not yet finally decided the motion to dismiss, so it is still conceivable that my final ruling will not be a dismissal recommendation. Indeed, the motion is not yet even fully briefed.

9

case and preserve resources for all parties and the Court:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted).[4]

As noted, Driftwood has asserted a lack of jurisdiction (*i.e.*, no standing) as the primary ground to dismiss this lawsuit, and it appears, at least at this stage, to have substantial merit. Therefore, it is appropriate to stay discovery until the Court has ruled on the dismissal motion.

### III. CONCLUSION

The Undersigned **respectfully recommends** that Judge Williams **grant**

---

[4] Plaintiff cites *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) for the proposition that delaying discovery through a stay "creates case managing problems, impedes the Court's responsibility to expedite discovery, and leads to unnecessary litigation expenses and problems." [ECF No. 43, p. 11]. But Courts in our District often grant motions to stay discovery, as evidenced by the ample case law authority cited above.

Driftwood's motion and **stay** discovery until she rules on the motion to dismiss (after reviewing the to-be-issued Report and Recommendations).

## IV. OBJECTIONS

The parties will have fourteen (14) days from the date of being served with a copy of this R&R within which to file written objections, if any, with Judge Williams. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 36(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, on November 15, 2024

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Kathleen M. Williams
All Counsel of Record