UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-22126-CV-WILLIAMS

RUDOLPH BETANCOURT,

    Plaintiff,

v.

CORPORACION HOTELERA PALMA
LLC, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Jonathan Goodman's Report and Recommendations (DE 62) ("***Report***") on Defendant Driftwood Hospitality Management, LLC's ("***Driftwood***") Motion to Dismiss Plaintiff's First Amended Complaint (DE 40) ("***Motion***").[1]

In the Report, Judge Goodman recommends that the Motion be granted in part and denied in part. (DE 62 at 2, 36.) Specifically, the Report recommends the Court grant the Motion's request to dismiss Plaintiff's Amended Complaint (DE 34), because Plaintiff has not shown "an immediate threat of future injury," a necessary component of standing to pursue injunctive relief. (*Id.* at 24.) The Report also concludes Plaintiff fails to meet the injury-in-fact requirement for standing with regards to his allegations of violations on the subject property within paragraphs 32(b)–(c), (e), (n)–(q).[2] (*Id.* at 17–18.) Third, the

---

[1] Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (DE 50), and Driftwood filed a Reply (DE 53).

[2] In contrast, the Report finds Plaintiff has alleged he suffered a concrete injury associated with the violations alleged in paragraphs 32(a), (d), (f)–(m). (*Id.* at 18.) The Report also

Report recommends the Court dismiss with prejudice Plaintiff's allegations "concerning nonexistent barriers and barriers not encountered" contained within paragraphs 31 and 32 of the Amended Complaint, as unspecified violations cannot form the basis of a claim, and Plaintiff disregarded Judge Goodman's warning in a prior report and recommendation to remove those allegations. (*Id.* at 31, 35) (referring to the prefatory language "although not exclusive" and "include but are not limited to" before the list of violations in paragraphs 31 and 32 of the Amended Complaint, respectively).[3]

However, the Report recommends denying Driftwood's request to dismiss the entirety of the Amended Complaint with prejudice on the basis of Plaintiff's failure to meet standing requirements. (*Id.* at 24.) The Report points out that "a dismissal for lack of [jurisdiction] is not a judgment on the merits and is entered without prejudice." (*Id.*) (quoting *Floridian Hotel, Inc. v. Kennedy*, 998 F.3d 1221, 1235 (11th Cir. 2021). Instead, the Report recommends the Court grant Plaintiff leave a final time to amend his Amended Complaint, in case he can cure the deficiencies identified by the Report. (*Id.* at 2.)

No objections were filed to the Report, and the time to object has passed. Therefore, the Court reviewed the Report for clear error.

The Court agrees with each of the Report's substantive conclusions. However, the Court rejects Plaintiff's additional request for leave to amend. *See* (DE 50 at 19–20)

---

recommends the Court reject Driftwood's argument that the allegations of violations concerning Defendants' online reservation system are based on factual misrepresentations, as those issues are "better reserved for summary judgment." (*Id.* at 30.)

[3] Because the Court is dismissing the entirety of Plaintiff's Amended Complaint without leave to amend, the issue of whether to dismiss these phrases discussing unspecified violations with prejudice need not be addressed.

(requesting leave to make unspecified amendments to Plaintiff's Amended Complaint if the Court grants Driftwood's Motion). First, as the Report notes, Plaintiff "impermissibly included [his] request to amend his complaint within his response to [Driftwood's] Motion." (*Id.* at 36 n.19); *see also Newton v. Duke Energy Fla., LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting *Cita Tr. Co. AG v. Fifth Third Bank,* 879 F.3d 1151, 1157 (11th Cir. 2018)). Further, the request is substantively deficient, as it contains no details regarding what the amended allegations would be and how they would cure the issues eventually raised in the Report. *Newton,* 895 F.3d at 1278 (holding plaintiffs' request for leave to amend did not sufficiently set forth the substance of the proposed amendment when it "merely hypothesize[d], in broad strokes, the kinds of amendments that [p]laintiffs might have been able to make"). Finally, given Plaintiff's multiple failed attempts to show an immediate threat of future injury, and the fact that Plaintiff is limited to showing that the threat existed as of the time of filing, the Court concludes amendment would be futile. *See Cooksey v. Waters*, 435 F. App'x 881, 884 (11th Cir. 2011) ("Denial of leave to amend 'is justified by futility when the complaint as amended is still subject to dismissal.'").[4]

---

[4] In his Amended Complaint (DE 23), Plaintiff attempts to buttress his showing of an immediate threat of future injury by alleging that he anticipates frequent trips to his attorney, Glenn Goldstein's office, which is 12.6 miles from the subject property in Miami-Dade. (DE 23 at 12.) However, as Driftwood notes in its Motion, Plaintiff has filed over 130 ADA cases in Florida since 2021 and many were handled by Mr. Goldstein or other counsel located in Miami-Dade. (DE 40 at 16; DE 40-1; DE 40-2) (listing cases and copying prior complaints filed by Miami-Dade counsel). Yet, Plaintiff does not allege having ever travelled to Miami-Dade for the purposes of meeting with counsel. (DE 40 at 16.) And even if Plaintiff's prediction of future travel is sincere, there are more than one-hundred hotels closer to his attorney's office than the subject property. (DE 62 at 23.)

Accordingly, upon a careful review of the Report, the Motion, the record, and the applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Goodman's Report (DE 62) is **ADOPTED IN PART**.

2. Driftwood's Motion to Dismiss (DE 40) is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff's Amended Complaint (DE 34) is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's request for leave to amend his Amended Complaint is **DENIED**.

5. All hearings, trial, and deadlines are **CANCELED**. Any other pending motions are **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 17th day of March, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

Therefore, Plaintiff does not show a reasonable likelihood of his return to the subject property and no amendment can change these facts.